AYRES, Judge.
By this action plaintiff seeks to compel the removal from his land of a natural gas pipeline owned and maintained by defendant. This line, approximately 1,800 feet in length, connects a producing gas well located east of plaintiff’s property and defendant’s residence located west of plaintiff’s property. The purpose of the line laid across plaintiff’s property without authorization or muniment of title was to serve and supply defendant’s residence *680 with natural gas. Portions of the line are aboveground and others buried below the surface.
Defendant maintains that the gas line constitutes a continuous and apparent servitude which may be established by acquisitive prescription through possession for a period of 10 years as in this case (LSA-C.C. Art. 765). Plaintiff, to the contrary, contends that the gas line would be a discontinuous servitude which may only be established by title (LSA-C.C. Art. 766).
After a hearing on the merits of this cause the trial court concluded that the gas pipeline traversing plaintiffs property was a continuous and apparent servitude, title to which had been acquired by defendant by prescription of more than 10 years. From a judgment thus rendered and signed, plaintiff prosecutes a devolutive appeal.
The only issue before the court is whether the alleged servitude with which we are now concerned is continuous and apparent and was therefore acquired by defendant through acquisitive prescription of 10 years. Pertinent to this determination are the following articles of the Louisiana Civil Code which read:
Art. 727:
“Servitudes are either continuous or discontinuous.
“Continuous servitudes are those whose use is or may be continual without the act of man.
“Such are aqueducts, drain, view and the like.
“Discontinuous servitudes are such as need the act of man to be exercised.
“Such are the rights of passage, of drawing water, pasture and the like.”
Art. 728:
“Again, servitudes are either visible and apparent or non-apparent.
“Apparent servitudes are such as are to be perceivable by exterior works; such as a door, a window, an aqueduct.
“Non-apparent servitudes are such as have no exterior sign of their existence; such, for instance, as the prohibition of building on an estate, or of building above a particular height.”
It is evident from a reading of these articles that if an “act of man” is necessary to exercise the servitude, it is not continuous but discontinuous.
Plaintiff asserts that the drilling of the gas well, the operation of the pump which is necessary to maintain pressure, and acts of maintenance at the well site are all “acts of man” which would render the servitude discontinuous.
Although not primarily concerned with the continuous nature of the servitude, the court in Blanda v. Rivers, 210 So.2d 161 (La.App., 4th Cir., 1968), stated that a servitude will not be considered discontinuous by the mere fact that water or gas does not flow through a pipe continuously but only when an act of man opens a valve or faucet.
Planiol in his treatise, Traité Élémentaire de Droit Civil, Vol. 1, Part 2, Sections 2894 and 2899, which discuss Art. 688 of the French Code, the source article for Louisiana Civil Code Art. 727, remarks that:
“. . . [Continuous servitudes operate without man’s intervention, that is to say their exercise does not require successive and repeated acts by the owner of the dominant estate.
“Ordinarily this state of the premises arises from man’s works, as is the case with servitudes of view and aqueduct. [T]he exercise of the continuous servitude grows out of a factual state of affairs. It may be natural or artificial, but it is permanently established. And it may be said that, when once the premises have been arranged as *681 contemplated, the servitude operates of itself, without the owner’s intervention,
“Discontinuous servitudes are those whose exercise require [sic] man’s intervention. They consist essentially in the possibility of the owner of the dominant estate performing certain acts on the servient estate. This brings out that if the owner does not act, no use is made of the servitude and it is useless.”
The illustrations of discontinuous servi-tudes contemplated by the Louisiana Civil Code, such as the right of passage, drawing water and pasture, require the owner of the dominant estate, or his agent, to come on the servient estate to perform some act.
In Acadia-Vermilion Rice Irrigating Co. v. Broussard, 175 So.2d 856 (La.App., 3d Cir., 1965), the plaintiff sought to be recognized as owner of a servitude for irrigation purposes over and across lands owned by defendant. Defendant argued that the opening of the gate and the pumping of water into the main canal were “acts of man” and that the servitude was therefore discontinuous. The court found the servitude continuous, stating that it was merely a conduit or artificial channel for conveying water.
In the present case, the servitude is not contingent upon the defendant, Whitten, entering plaintiff’s, Nash’s, property to perform some “act.” Apparently no “act” was performed by defendant, the owner of the dominant estate, on the servient estate owned by plaintiff, nor was plaintiff required to “act.” If there were any “acts” performed at all, they were on a neighboring estate where the well was located. In Blanda, supra, it was indicated that mere pump activity does not render a servitude discontinuous.
For the above-stated reasons and primarily because no evidence was presented that defendant or his agents performed any “act” whatsoever on plaintiff’s land in order to exercise the use of his servitude, such a gas pipeline should be considered to constitute a continuous servitude.
There is no question but that the gas line is perceivable by exterior works and is therefore a visible and apparent servitude as contemplated by the Louisiana Civil Code. It traverses plaintiff’s property for che most part aboveground and in plain view.
We find, as did the trial court, that the presence of the pipeline in excess of 10 years on plaintiff’s property created, by acquisitive prescription, a continuous and apparent servitude.
Accordingly, the judgment appealed is affirmed at plaintiff-appellant’s costs.
Affirmed.